UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:

                                     Chapter 7

Subrina Briglall,

                                     Case No. 23-40221-jmm

                Debtor.

-------------------------------------------------------X

## NOTICE OF PROPOSED ABANDONMENT

Pursuant to Bankruptcy 6007 and Section 554 of the Bankruptcy Code, Notice is hereby given of the proposed abandonment of possible estate property – to wit any claim the estate may have 1) in premises 244 Ashford Street, Brooklyn, New York ("Premises"); 2) against 244 Ashford Group LLC, the buyer of the 50% ownership in the Premises owned by the Debtor on August 15, 2018. On August 15, 2018, the Debtor signed a contract to sell her 50% interest in the premises. Attached as Exhibit A is the contract of sale.

## HISTORY OF 244 ASHFORD STREET, BROOKLYN, NEW YORK

The Debtor, Subrina Briglall, signed a contract to sell her 50% interest in the Premises for $30,000.00 subject to a mortgage. The Debtor, at a meeting of creditors, on March 20, 2023, testified that the mortgage was in foreclosure and she believed the mortgage arrears was approximately $450,000.00.

Evidently the seller/Debtor refused to close the 244 Transaction. The buyer commenced an action for specific performance in Supreme Court, Kings County Index No. 501115/2019. A default judgment against the now Debtor was entered on May 16, 2019. On March 8, 2021, the Honorable Richard J. Monteleone entered an order finding the buyer of the Premises entitled to specific performance of the contract and directed the Debtor to execute a deed to the Premises to the buyer. The order further provided that if Subrina Briglall does not sign the deed, the Sherriff

of the City of New York is …." hereby authorized and directed to forthwith execute the transfer documents…"

Attached as Exhibit B is the order of Judge Monteleone. Attached as Exhibit C is the deed dated January 18, 2022 signed by Sherriff Joseph Furcito.

Despite the deed transfer, the Debtor scheduled a fee simple ownership in the premises with a current value of $331,254.00. The Debtor at the 341 meeting testified she was very young and was not familiar with the value of the Premises. The Trustee does not believe there is a meritorious basis to set aside the order and deed on some theory of fraud as propounded by the Debtor. The Trustee believes the "uphill battle" and costs of the litigation would not be in the best interest of the estate and therefore the Trustee seeks to abandon the claim against the buyer in an attempt to set aside the deed.

The Trustee further proposes to abandon the $30,000.00 the Debtor testified she never received from the buyer and may be entitled to receive. The Monteleone order is silent as to whether the Debtor forfeited the consideration due or whether she/the estate are entitled to receive the $30,000.00 even at this late date.

The Trustee believes even if the Seller should pay the $30,000.00, the Debtor could amend the schedules and exempt all or most the money.

## OBJECTION TO THE ABANDONMENT

Objection to the Trustee's proposed abandonment of the real property, the claim, possible causes of action against the contract buyer and the $30,000.00 allegedly not paid to the seller/Debtor must be in writing, must conform to the requirements of the Bankruptcy Code, the Federal Rule of Bankruptcy Procedure, and the Local Rules of the United States Bankruptcy Court for the Eastern District of New York and must be filed on or before April 7, 2023. Parties

with legal representation shall file with the court: (a) (i) through the Bankruptcy Court electronic filing system (in accordance with General Order M-182) which may be accessed through the internet at http://ecf.nyeb.uscourts.gov and (ii) in portable document format (PDF) using Adobe Exchange software for conversion, or (b) if a party is unable to file electronically, such submit the response of objection in PDF format on a diskette in an envelope with the case name, case number and title of document: or (c) if a party is unable to file electronically or use PDF format, such party shall submit the response or objection on a diskette in either Word, Word Perfect, or DOS test (ASCII) format.

A hearing on any written filed objections, if any, will be held telephonically before the Honorable Jill Mazer-Marino on April 18, 2023 at 11:00 a.m.

The hearing shall not be held in person but shall be held telephonically or by video. Those intending to appear at the hearing must register with eCourt Appearances no later than two days prior to the hearing. The phone number or video link for the hearing will be emailed to those that register with eCourt Appearances in advance of the hearing. Instructions for registering with eCourt Appearances can be found at https://www.nyeb.uscourts.gov/node/2126. If you do not have internet access or are otherwise unable to register with eCourt Appearances, you may call or email Judge Mazer-Marino's courtroom deputy for instructions at (347) 394-1844, JMM_Hearings@nyeb.uscourts.gov.

Dated: Brooklyn, New York
     March 21, 2023

Rosenberg, Musso & Weiner, LLP
*Attorneys for Trustee*

By:   /s/ Robert J. Musso
       Robert J. Musso, Esq.
       26 Court Street, Suite 2211
       Brooklyn, New York 11242